THE ADRIAN FURNITURE MANUFACTURING COMPANY v.
VICTOR H. LANE, CIRCUIT JUDGE OF
LENAWEE COUNTY.

*Bill of exceptions—Time for settlement.*

Where no motion for a new trial is made, the term within which a bill of exceptions must be settled, or the time extended in the first instance for such settlement, is that in which the judgment is entered; but where such motion is made within

the time allowed by rule, or that allowed by the court, or by leave of the court, the term within which a bill of exceptions must be settled or the time for such settlement extended is that in which said motion is finally determined.

*Mandamus.* Argued June 7, 1892.. Granted June 10, 1892.

Relator applied for *mandamus* to compel respondent to settle a bill of exceptions. The facts are stated in the opinion.

*Westerman & Westerman,* for relator.

*J. C. Winne,* for respondent.

PER CURIAM. A verdict was rendered and judgment entered against relator May 29, 1891. Time was granted to the relator in which to move for a new trial, and subsequently the time was extended for that purpose. Within the time granted a motion for a new trial was made, which was afterwards heard, but said motion was not finally disposed of and determined until May 12, 1892. After the motion for a new trial was determined, relator moved the court for time within which to settle a bill of exceptions, but the court denied the motion, upon the ground that the term in which the judgment was entered having passed, and no extension of time having been obtained, the court had no power or discretion in the matter.

The rule is well established that a bill of exceptions must be settled, or the time to settle it must be extended in the first instance, during the term in which the judgment was entered. *Cleveland v. Stein,* 14 Mich. 334. In that case, however, no motion for a new trial had been made, and the judgment became final for all purposes at the end of the term. But where a motion for a new

trial is made, it would be useless labor to prepare a bill of exceptions in advance of the determination of that motion. The writ of error is the *dernier ressort*, and judgment cannot be said to be final so as to deprive the trial court of the power to act in the premises during the term in which the court disposes of the pending motion. In case, therefore, no motion for a new trial is made, the term within which a bill of exceptions must be settled, or the time extended in the first instance, is that in which the judgment is entered; but where a motion for a new trial is made within the time allowed by rule, or within the time allowed by the court, or by leave of the court, the term within which such bill of exceptions must be settled or the time extended must be deemed to be that in which such motion is finally determined. *Greeley v. Percival*, 21 Fla. 428; *Hearson v. Graudine*, 87 Ill. 116; *People v. Gary*, 105 Id. 264.

The same question came before this Court in *Brotherton Iron Min. Co. v. Gogebic Circuit Judge*, and was determined in October, 1888, in accordance with the foregoing, but no opinion was filed.

The writ must issue as prayed, commanding the court to fix a time, within its discretion, within which a bill of exceptions may be settled, and the time for issuing a writ of error in said matter will be extended until November 29, 1892.