### ROACH v. WAYNE CIRCUIT JUDGE.

APPEAL—BILL OF EXCEPTIONS—EXTENSION OF TIME.

Circuit Court Rule No. 47 provides that a party shall have not less than 20 days after entry of judgment for the settlement of a bill of exceptions, and that further time may be granted by the court, but not to exceed 60 days, except for good cause shown by affidavit, on special motion, after notice. *Held,* that the court has authority to grant an extension on cause shown, although 80 days have elapsed since entry of judgment, and there has been no prior extension.

*Mandamus* by James Roach to compel Willard M. Lillibridge, circuit judge of Wayne county, to vacate an order extending the time in which to settle a bill of exceptions. Submitted May 3, 1898. Writ denied May 24, 1898.

*John W. McGrath,* for relator.

*Moore & Moore,* for respondent.

PER CURIAM. The question presented in this case is whether an application for extension of time after 80 days from entry of judgment have elapsed may be granted on cause shown in a case where there has been no previous extension. Under the old circuit court rule No. 85, no extension could be granted after the expiration of the term in cases where no extension had been given during the term. *Cleveland* v. *Stein*, 14 Mich. 334; *Adrian Furniture Manfg. Co.* v. *Lenawee Circuit Judge*, 92 Mich. 295. But when an extension beyond the term had once been had, the circuit judge had power to grant a further extension. *White* v. *Campbell*, 25 Mich. 465. The new rule No. 47 provides that a party shall *have not less than 20 days* after entry of judgment for the settlement of a bill of exceptions, and that, subject to limitations prescribed by statute, and on such terms as shall be deemed just, the court may grant such further reasonable time as shall be deemed proper, and may extend such time when proper. It is further provided that no more than 60 days' further time shall be granted except for good cause shown by affidavit on special motion after notice to the adverse party. There is no express limitation as to the time when this order may be made, and we think no such limitation need be interpolated by construction. The rights of parties are sufficiently protected by the requirement that they shall have notice of, and an opportunity to contest, such application.

The writ will be denied.