155    543
f156    ³290

HARPER *v.* WAYNE CIRCUIT JUDGE.

1. BILL OF EXCEPTIONS — SETTLEMENT — EXTENSION OF TIME — RULES.

  The provisions of the statute regarding the settlement of a bill of exceptions are to be construed in connection with the rules of the court in force at the time of its passage; and, section 10504, 3 Comp. Laws, which provides that a party appealing to the Supreme Court may incorporate into the bill of exceptions the record of all the proceedings had on a motion for a new trial, including the reason assigned for its denial, construed in connection with Cir. Ct. Rule 47, entitles an appellant to a reasonable time after the denial of such motion in which to settle a bill, where the application for such extension was made within four days after the denial of a motion for a new trial.

2. SAME—SETTLEMENT—EXTENSION OF TIME—LACHES.

  Laches will not be imputed to relator for a delay in bringing the motion for a new trial to be heard where it appears that such delay was occasioned by the absence of the trial judge.

3. SAME — SETTLEMENT — EXTENSION OF TIME — FAILURE TO FILE BOND.

  The failure to file a supersedeas bond, as provided by section 10355, 3 Comp. Laws, does not deprive the trial court of jurisdiction to grant an extension of time to settle a bill of exceptions; such bond being required only for a stay of proceedings.

Mandamus by David N. Harper to compel Alfred J. Murphy, circuit judge of Wayne county, to grant an extension of time to settle a bill of exceptions. Submitted December 21, 1908. ( Calendar No. 23,169.) Writ granted March 3, 1909.

*Edward A. Barnes*, for relator.

*James Swan*, for respondent.

HOOKER, J. The relator is a judgment debtor; judg-

ment being entered in circuit court June 12, 1908. An order extending the time 10 days to move for new trial and 60 days to settle a bill of exceptions was made that day. The motion for new trial was entered June 22d, and between that date and July 13th the learned circuit judge offered to hear the same on several occasions, but relator did not bring it on for hearing. On July 13th respondent left home and did not return until September 14th. On September 17th he heard the motion, and, being requested to state reasons with his decision, delayed the same until November 4th. The order extending time to settle a bill of exceptions expired on or before September 2d, and, although a judge competent to hear such motion was in constant attendance, no application for a further extension was made until November 8th, which application was heard and denied by respondent. Relator now asks a mandamus to compel an extension of time for the purpose.

Review on writ of error and bill of exceptions is provided for by statute. Section 10242, 3 Comp. Laws, provides:

"Any party aggrieved by any opinion, direction or judgment of any circuit court in any civil suit or action, may allege exceptions thereto in writing at the time such opinion or direction is given, or such judgment pronounced, or if such exception be to the charge given to the jury, it shall be made before the jury shall have delivered their verdict."

Section 10248 provides:

"The court may allow such time as shall be deemed reasonable to settle such exceptions, and reduce the same to form."

These provisions should be and evidently have been construed with regard to section 205, 1 Comp. Laws, which is as follows:

"The Supreme Court shall, amongst other things, regulate and prescribe the practice therein, and in the circuit courts, where the same is not prescribed by any statute,

in relation to bills of exceptions, cases made by the parties, special verdicts, granting new trials, motions in arrest of judgment, taxation of costs, giving notice of special motions, and of such other proceedings as the court may think proper; staying proceedings when necessary to prevent injustice, and the hearing of motions, imposing terms, in their discretion, on granting such motions."

Under these provisions this court made the following rules (Old Cir. Ct. Rules 80, 85):

"RULE 80. Any party desiring a review by the Supreme Court, upon the evidence appearing upon the trial, either of the questions of fact or of law, when an issue of fact shall be tried by the court without a jury, may make a bill of exceptions in the same manner and with the same effect as upon a trial by jury or a case containing so much of the evidence as may be material to the question to be raised."

"RULE 85. Whenever exceptions are taken on a trial of a cause to any decision or ruling of the court, the party taking such exceptions shall prepare a brief statement of so many of the facts as may be necessary to show the grounds of such exceptions, and to enable the court above rightly to understand the same, and shall give notice to the opposite party when and where such exceptions, will be settled by the circuit judge, which notice shall be for some day during the term at which the trial was had, unless the court or circuit judge shall otherwise order."

Upon this condition of the statutes and rules, the court held that the trial judge had almost unlimited discretion in the matter of time within the period that a writ of error might issue, provided only that he should have made an order extending the time beyond the close of the term at which judgment was rendered. *People* v. *Littlejohn*, 11 Mich. 60; *Cleveland* v. *Stein*, 14 Mich. 334; *White* v. *Campbell*, 25 Mich. 463; *Spencer* v. *Fish*, 43 Mich. 226. In the case of *Adrian Furniture Manfg. Co.* v. *Lane*, 92 Mich. 295, the holding that the court had no authority to extend the time after the expiration of the term, unless an order made during said term had extended the time beyond such term, was so far modified as to permit

the settling of a bill after the decision of a motion for new trial, although the time for settling a bill of exceptions had not been extended beyond the term by any order to that effect. The case does not show that the time for the entry of a motion for new trial was extended beyond the term, and the record shows that the motion for new trial was made and argued during the term, but decided nearly a year later. Since that time the statute allowing error to be assigned upon orders denying motions for new trial has been passed. It took effect in 1893, and is 3 Comp. Laws, § 10504. It provides:

"*The People of the State of Michigan enact.* That in all cases hereafter taken to the Supreme Court on writ of error or appeal, where a motion for a new trial has been previously refused by the trial judge, the party appealing the same may incorporate in the bill of exceptions, a record of all proceedings had on said motion for a new trial, including the reasons given by the trial judge in refusing to grant said new trial. Exceptions may be taken and error assigned on the decision of the circuit judge in refusing such motion, and the same shall be reviewed by the Supreme Court."

The rules of court were amended later, and Cir. Ct. Rule 47 now provides:

"(*a*) A party shall have not less than twenty days after entry of judgment for the settlement of a bill of exceptions, but the stay of execution during that time shall be discretionary with the court.

"(*b*) Subject to the limitations prescribed by statute and upon such terms and conditions as shall be deemed just, the court may grant such further reasonable time as shall be deemed proper for a settlement of a bill of exceptions, and may extend such time when proper. But no more than sixty days further time shall be granted for that purpose, except for good cause shown by affidavit on special motion after notice to the adverse party, or on the written stipulation of the parties."

We find nothing in the statute or rule that is inconsistent with the decision in *Adrian Furniture Manfg. Co.* v. *Lane* that a party has the right to settle a bill after a

denial of a motion for new trial. Whether such right would extend to the full duration of the term in which such denial should be made, or in all cases be limited to such term, we need not now decide. The motion in this case was made within four days after such decision, and was within the period of 20 days within which time the relator had a right to settle his bill without any extension; such right being the effect of the statute. 3 Comp. Laws, § 10504. It follows that at that time there may have been no necessity for an extension beyond said 20 days, and, had the motion been denied upon such ground, we might not be able to grant the writ upon this record. It is obvious, however, that it was not, and that the attitude of the circuit judge was tantamount to a refusal to settle a bill. We therefore think that he should on application fix a reasonable time for the settlement of a bill of exceptions.

It is contended that this writ should be denied for the reasons, *first*, that relator was guilty of laches in not bringing on the motion for new trial earlier; and, *second*, for the reason that the failure of the relator to file a supersedeas bond, under 3 Comp. Laws, § 10355, deprived the court of jurisdiction to settle a bill. Their claims are not tenable. Apparently the motion was not dismissed nor did defendant attempt to hasten a submission. The relator is not responsible for the delay of the circuit judge. The statute (3 Comp. Laws, § 10355) has no bearing upon the question, having to do only with a stay of proceedings.

Writ granted.

BLAIR, C. J., and GRANT, MONTGOMERY, OSTRANDER, MOORE, and BROOKE, JJ., concurred.