KAISER *v.* WAYNE CIRCUIT JUDGE.

1. Exceptions, Bill of—Extending Time to Settle.

After the denial of a motion for a new trial the moving party has twenty days in which to settle a bill of exceptions, and if more than eighty days have elapsed since the entry of judgment, the time may be extended on motion made and cause shown, so as to grant a reasonable time to settle the same. Cir. Ct. Rule 47; 3 Comp. Laws, § 10504.

2. Same—Mandamus.

> Mandamus will issue to vacate an order made without a show-
> ing of cause, eighty-four days after judgment and twenty-
> two days after denial of a motion for a new trial, extending
> the time sixty days in which to settle a bill of exceptions.

3. Appeal and Error—Time to Issue Writ.

> Neither 3 Comp. Laws, § 10504, nor the court nor any order of
> the court made pursuant thereto, may operate to extend the
> time limited by statute in which to take out a writ of error.

Mandamus by Christopher E. Kaiser to compel George
S. Hosmer, circuit judge of Wayne county, to vacate an
order extending time to settle a bill of exceptions. Sub-
mitted July 1, 1910. (Calendar No. 24,086.) Writ
granted July 14, 1910. Rehearing denied October 10,
1910.

*Robert M. Dalton* and *William M. Mertz,* for relator.

*Brennan, Donnelly & Van De Mark,* for respondent.

Ostrander, J. The action is trespass on the case. A
verdict for the plaintiff was rendered October 12, 1909.
On October 15, 1909, an order was made staying proceed-
ings for 20 days, extending the time to move for a new
trial 30 days, and the time to settle a bill of exceptions 60
days. November 5, 1909, judgment was entered on the
verdict. Orders succeeded each other thereafter as fol-
lows: November 19, 1909, time to move for a new trial
extended 20 days more; January 6, 1910, motion for a
new trial denied; January 28, 1910, time to settle bill of
exceptions extended 60 days; April 2, 1910, motion to set
aside the order of January 28th denied; April 7, 1910, bill
of exceptions settled as of April 2, 1910; April 9, 1910,
motion to set aside order settling bill of exceptions denied.
The order of January 28, 1910, was made without cause
being shown and without notice. The question presented
by the petition is whether that order should be vacated.

We held in *Harper* v. *Wayne Circuit Judge,* 155
Mich. 543 (119 N. W. 913), that the provisions of the stat-

ute regarding the settlement of a bill of exceptions were
to be construed in connection with the rule of the court
(Cir. Ct. Rule 47) and with 3 Comp. Laws, § 10504, and
that by construction appellant had a reasonable time after
the denial of a motion for a new trial in which to settle a
bill of exceptions, and had 20 days after such denial as
matter of right. In that case an application for an exten-
sion of time was made within 20 days, was denied, and a
writ of mandamus was issued to compel the entry of an
order giving the appellant a reasonable time in which
to settle the bill of exceptions.

In the case at bar, the order of October 15, 1909,
allowing a 60-day extension of time in which to settle a
bill of exceptions, expired January 3, 1910, if we reckon
from the date of entry of the order. Reckoning from No-
vember 5th, the day when judgment was entered, the 60
days expired January 4, 1910, and the date when the fur-
ther order extending time in which to settle bill of excep-
tions was entered was 84 days after judgment, and 22
days after the motion for a new trial was denied.

Following *Harper* v. *Wayne Circuit Judge, supra,*
we hold, upon the facts stated, that appellant had a right
to settle a bill of exceptions at any time within 20 days
after the denial of the motion for a new trial, and that
within that time the court below had jurisdiction, upon
motion and upon cause shown, to extend reasonably the
time to settle a bill of exceptions. The court had no juris-
diction within said 20 days to extend the time to settle a
bill of exceptions, except upon notice and for cause. It
had no jurisdiction after the expiration of said 20 days,
and after the expiration of 80 days from entry of judg-
ment, to extend the time to settle a bill of exceptions for
cause.

The rule of practice is this: A party has 20 days after
judgment, as matter of right, in which to settle a bill of
exceptions. The court may extend this time for 60 days.
The court may make no other or further extension of time
for settling a bill of exceptions in any case, except upon

notice and cause shown. A party has 20 days after denial of motion for a new trial in which to settle a bill of exceptions; the motion for a new trial having been seasonably made and brought on for hearing in a reasonable time. Within said 20 days the court may, upon notice and for cause, grant a reasonable extension of the time. Neither the statute nor the rule, nor any order of the court made pursuant thereto, may operate to extend the time limited by the statute in which to take out a writ of error.

The order of January 28, 1910, should be vacated, as well as the order settling the bill of exceptions. Relator will recover costs of this motion of the Detroit United Railway.

Writ granted.

HOOKER, MOORE, McALVAY, and BROOKE, JJ., concurred.

### ON MOTION FOR REHEARING.

OSTRANDER, J. A rehearing is denied, for the reason that the order of the court below extending the time in which to settle a bill of exceptions was properly set aside. But in so far as the opinion limits the right of the court to at any time entertain a motion, supported by affidavits, after due notice to opposing counsel, to extend the time for settling exceptions, we think it should be modified. We are impressed that, in view of some former decisions of the court, a rule upon this subject should be announced only in the form of a rule to take effect in the future.

The opinion, therefore, will be considered as deciding only the precise question presented by relator's motion.

HOOKER, MOORE, McALVAY, and BROOKE, JJ., concurred.