# OCTOBER TERM, 1910.

STANDART BROS. *v.* INGHAM CIRCUIT JUDGE.

1. RECEIVERS — SUIT IN NAME OF RECEIVER — CREDITORS OF DIS-
SOLVED CORPORATION.
   In proceedings for the dissolution of a corporation, for which
   a receiver has been appointed, the circuit court in which the
   proceedings are pending may exercise its discretion in per-
   mitting, or in refusing to permit, the receiver to employ the
   fund in litigation at the request of some creditors, and against
   the objection of others.

2. SAME—DISCRETION—SUITS BY RECEIVER.
   Such discretion may be affected by the apparent hazard of the
   litigation.

3. SAME—EQUITY—EXPENSES.
   It is inequitable to impose a condition that the interested cred-
   itors shall give security for the costs and expenses of the pro-
   ceeding without giving them the right to be first paid from
   the fund which may result from the litigation.

Mandamus by Standart Brothers, Limited, to compel
Howard Wiest, circuit judge of Ingham county, to grant
an order allowing relator to bring an action at law in the
name of the receiver of an insolvent corporation. Sub-
mitted October 4, 1910. (Calendar No. 24,266.) Writ
granted October 5, 1910.

*Bernard B. Selling,* for relator.

*C. P. Black,* for respondent.

PER CURIAM. The circuit court, in chancery, having
control of the receiver of a corporation and of the fund in
his hands, may exercise discretion in permitting, or in re-
fusing to permit, the receiver to employ the fund in litiga-

(106)

tion desired by some of the creditors of the corporation and not desired by others. The exercise of this discretion will be influenced by the apparent hazard of the litigation proposed to be carried on. We see no reason for saying that discretion was not properly exercised by the court below, in view of all the circumstances disclosed, in refusing the receiver permission to employ the fund in the litigation proposed to be carried on. But the considerations which support the ruling of the court in this respect also require the order which was made to be modified, because it is inequitable to permit the receiver to proceed only upon the condition that all costs and expenses to be made shall be secured and paid by petitioning creditors desiring the litigation, and to deny such creditors, and others who may care to contribute, the right to be first paid out of the fund, if any, which shall be the result of the litigation.

The order will be so modified as to provide that all creditors of the corporation contributing to the costs and expenses of the litigation shall be first paid, not only disbursements but their unpaid demands, out of any moneys recovered by said receiver. No costs are awarded.