KAISER *v.* DETROIT UNITED RAILWAY.

APPEAL AND ERROR — DISMISSAL OF WRIT OF ERROR—REMAND— MOTIONS.

> Where a bill of exceptions was settled irregularly because the last order extending the time was entered without cause shown, and defendant had caused a writ of error to issue, return to be made and had the record printed, he was permitted to dismiss the writ of error on terms, issue a new writ and include the original printed record as a portion of the record on the second appeal.

Case by Christopher E. Kaiser against the Detroit United Railway for personal injuries: On motion to remand the record and permit appellant to apply for an extension of time to settle a bill of exceptions. ( Calendar No. 24,053.) Submitted October 18, 1910. Motion granted November 4, 1910.

*Brennan, Donnelly & Van De Mark*, for the motion.
*William M. Mertz, contra.*

PER CURIAM. After various extensions of the time to settle a bill of exceptions in this cause, one was settled, the record was brought into this court by writ of error, and was printed. It appears by affidavit that the judgment was entered November 5, 1909, the writ of error issued May 13, 1910, and return thereto was made June 11, 1910. On application of the plaintiff, we held, in a mandamus proceeding brought to set aside the last order extending the time for settling a bill of exceptions, that the last order made extending the time was made without authority. *Kaiser* v. *Wayne Circuit Judge*, 162 Mich. 247 (127 N. W. 336). We also said that the court below had no jurisdiction upon cause shown to extend the time to settle exceptions. Later, at the present term of court (162 Mich. 250 [127 N. W. 922]), we filed an opinion modifying the former opinion in such manner as not to deny the power of the court to entertain a motion, upon cause shown, to extend the time to settle exceptions. Defendant now moves for an order remanding the record for the purpose of enabling the defendant to move the trial court for an order extending the time for settling a bill of exceptions and to permit an amended return to be made to the writ of error heretofore issued, within a time to be fixed.

There is no reason why plaintiff in error should not be permitted to dismiss the writ of error upon payment of costs. Upon such dismissal a new writ may at once issue, whether exceptions have been settled or not. The circumstances are peculiar, and if, as seems to be probable, some

of the cost and expense of bringing the cause into this court and of printing the record can be saved in case the court below now settles a bill of exceptions, no good reason is perceived for denying the motion to remand the record.

Defendant may have an order dismissing the writ and remanding the record.   If exceptions are settled, the further record of the proceedings in that behalf may be printed, attached to, and made a part of the present record.   But the order will be entered upon condition that, if a new writ of error is issued and returned, the cause, at the option of the plaintiff, stands for hearing at the January, 1911, term of this court, and that defendant tender and pay to plaintiff, or his attorneys, an attorney fee of $25.