KAISER *v.* DETROIT UNITED RAILWAY.

APPEAL AND ERROR—BILL OF EXCEPTIONS—REMAND FOR AMEND-
MENT.

    A motion to remand the record to the trial judge for an ex-
tension of time to settle a bill of exceptions having been
granted by the Supreme Court, the time was extended to No-
vember 18th, on which date plaintiff presented to the court
amendments to the proposed bill of exceptions, but discov-
ered that the same had been settled on November 15th, ac-
cording to notice duly given, and the record had been re-
turned to this court on November 17th. Plaintiff's attorney
served a copy of the amendments upon defendant's attorney,
and asked the court to consider them. Upon objection, the
court, for want of jurisdiction, refused to do so, but certified
to this court the above facts, and also that certain matters
should be included, in order to review the case properly. It
appearing to the satisfaction of this court that certain mat-
ters should have been included in the bill of exceptions, and
that the trial judge would have granted plaintiff's applica-
tion had his attention been called to it in time, plaintiff's
motion to again remand is granted upon condition that he
proceed at once to propose amendments, and cause such as
may be allowed to be printed and attached to the record
without any expense to defendant.

Case by Christopher E. Kaiser against the Detroit
United Railway. On motion to remand the record to in-
corporate plaintiff's amendments to the bill of exceptions.
Submitted November 29, 1910. (Calendar No. 24,053.)
Motion granted December 22, 1910.

*William M. Mertz*, for the motion.

*Brennan, Donnelly & Van De Mark*, contra.

PER CURIAM. This is a motion to remand the record
to the circuit court for a further supplemental return. On
mandamus proceedings in this court a certain order ex-
tending time to settle a bill of exceptions in this case was

vacated July 14, 1910, for the reasons stated in the opinion then filed. *Kaiser* v. *Wayne Circuit Judge,* 162 Mich. 247, 250 (127 N. W. 336). A motion made by defendant and appellant to remand the record, for the purpose of applying to the trial judge to extend the time for settling a new bill of exceptions, was granted November 4, 1910, as appears from the opinion. 163 Mich. 109 (128 N. W. 1).

The application to extend such time was made on notice duly given for November 11, and that the time was extended to November 18, 1910. Plaintiff prepared amendments to the proposed bill of exceptions, and presented them to the court on November 18th, the day which he claims he thought the bill of exceptions would be presented for settlement, but was informed by defendant's attorney that the same had been settled on November 15th according to notice duly given, and the record had been returned to this court November 17th, and refused to take the matter up before the court. Plaintiff's attorney filed, presented, and served a copy of the amendments upon defendant's attorney, and asked the court to consider them. Upon objection, the court felt that it was without jurisdiction to do so, unless the record was in the circuit court, and therefore could not consider them.

A certificate of the circuit judge corroborates the above statement, relative to extending the time for settling the bill of exceptions until November 18th, and the fact that it was settled November 15th; plaintiff's attorney not being present. He says that he was under the impression that amendments had been proposed and made at a former settlement of the bill in April last, but it has been made to appear that he was mistaken. He further says that certain matters have been called to his attention which he deems it advisable should be considered by this court, in order to review the case properly, some of which matters he sets forth in his certificate. Plaintiff's attorney admits that the notice to settle a bill of exceptions was served upon him November 11th, at the time the order to

extend time was granted as above set forth, and says that it was mixed with other papers in the case and entirely overlooked.

There is no question but that certain matters not in the bill of exceptions should have been included. The trial judge, had the matter been called to his attention in time, would have granted plaintiff's application. Plaintiff's attorney is not free from fault on account of his forgetfulness. His motion to remand is granted, without costs, upon condition that he proceed at once to propose amendments, and then cause such as may be allowed to be printed, attached to, and made a part of the record, without expense to defendant.

Said cause, at the option of defendant, to stand for hearing at the January term, 1911, of this court.