WINEGAR v. FRITZ.

1. APPEAL AND ERROR—PARTIES—CHANCERY PRACTICE.
     A defendant in a suit in equity, who is made party defendant by
     a co-defendant's cross-bill, is an opposite or adverse party to
     such co-defendant on proceedings to perfect an appeal from
     the dismissal of the cross-bill.

2. SAME—NOTICE—PRACTICE.
     Where a defendant, who asks relief in a cross-bill against an-
     other defendant, receives no notice from such cross-defendant
     of the entry of a decree dismissing his cross-bill, the provis-
     ions of chancery rule 37 (158 Mich. xxix) do not apply, and
     the court has authority under Act No. 299, Pub. Acts 1909, to
     extend the time for settling a case, after the expiration of
     sixty days from the entry of the decree, although no exten-
     sion has been obtained during the sixty-day period.

Bill by William S. Winegar, trustee in bankruptcy of
the Household Furniture Company against Mac G. Fritz
and other defendants, to enforce stockholders' liability.
On motion of Henry Sullivan, defendant, to dismiss the
appeal of Frank J. Dettenthaler, a co-defendant, from a
decree dismissing a cross-bill praying affirmative relief
against defendant Sullivan.    Submitted November 18,
1910.    (Calendar No. 24,285.)    Motion denied February
1, 1911.

*James H. Campbell*, for the motion.

*Hyde, Earle & Thornton*, contra.

BLAIR, J    The cross-bill sought affirmative relief
against defendant Sullivan.    The decree granted the re-
lief prayed for in the original bill and dismissed the cross-
bill.    So far as the relief prayed for in the cross-bill was
concerned, the defendant Sullivan was an opposite, or ad-
verse party.    The decree was dated October 9 and entered
October 11, 1909.    October 9th an order was entered on

motion of solicitors for Dettenthaler, without notice to
any one, staying proceedings for 40 days. November 17th
the appeal bond was filed, in accordance with stipulation
with solicitors for complainant Winegar. November 19th
order was entered on stipulation between solicitors for
Winegar and Dettenthaler extending time 90 days. All
of these orders were made without notice to Sullivan.
The subsequent orders were on cause shown and notice to
Sullivan, he appearing specially and objecting to them.

Counsel for defendant Sullivan contends—

"That the court or judge has no power to grant an ex-
tension of time to serve a case and perfect an appeal after
the expiration of the sixty days to a party who has not
served a case or obtained an extension within the sixty
days."

Act No. 299, Pub. Acts 1909, was in force at the time
the decree was entered. The only provisions in the act as
to extending time are contained in section 3, which con-
tains no express or implied limitation as to the time when
the order may be made except that the time may not be
extended beyond one year. The 60 days provision re-
ferred to by counsel is found in the rule adopted by this
court February 3, 1910,[1] in pursuance of section 5 of the
act. Written notice of the filing of the decree was served
upon the solicitors for defendant and cross-complainant
Dettenthaler on October 11, 1909. It was, therefore, im-
possible for appellant to comply with the rule, and the
court's authority to grant the extension must depend upon
the statute. Defendant Sullivan had notice of the appli-
cations and orders subsequent to those above referred to,
and had abundant opportunity to protect his rights. We
think the orders were within the authority conferred upon
the court by the statute. *Roach* v. *Wayne Circuit
Judge*, 117 Mich. 242 (75 N. W. 465).

The motion is denied.

OSTRANDER, C. J., and BIRD, HOOKER, and STONE,
JJ., concurred.

---

[1] Chancery Rule 37, 158 Mich. xxix.