PETTINGER *v.* MONTMORENCY CIRCUIT JUDGE.

1. APPEAL AND ERROR—EXTENSION OF TIME TO SETTLE BILL OF EXCEPTIONS—NEW TRIAL—MOTIONS.
   Appellant had a reasonable time, after denial of a motion for a new trial, in which to settle his bill of exceptions.

2. SAME.
   After the court had granted thirty days for that purpose, it might, for cause shown, upon sufficient notice by appellant to opposing counsel, make a further extension of time.

3. SAME—DISCRETION.
   And the discretion of such court, exercised upon a showing sufficient to call for the exercise thereof, will not be reviewed on mandamus.

Mandamus by John Pettinger against Frank Emerick, circuit judge for Montmorency county, to compel respondent to vacate an order granting an extension of time for the settlement of a bill of exceptions. Submitted December 30, 1910. (Calendar No. 24,294.) Writ denied February 1, 1911.

*I. S. Canfield*, for relator.

*Elmer G. Smith, O'Brien & Francis* and *L. G. Dafoe*, for respondent.

STONE, J.  From the statement of facts by relator's counsel, and from the answer of the respondent, we gather the following facts:  The relator, as plaintiff, obtained judgment in the circuit court against the Alpena Cedar Company, defendant, on Saturday, October 16, 1909.  On Monday, October 18, 1909, an order was entered in the cause giving said defendant until the first day of the next March term of said court in which to move for a new trial, or settle a bill of exceptions, and staying proceedings upon said judgment upon condition that said defendant file an approved statutory stay bond within 20 days from the entry of said judgment.  The statutory stay bond was duly filed.  Upon the first day of the next March term of said court, to wit, on March 15, 1910, a motion for a new trial which had been duly entered and noticed was heard, and was denied on March 16, 1910, upon which last-named day an order was entered giving defendant 30 days further time to prepare and settle a bill of exceptions.  Defendant prepared and served a proposed bill of exceptions, with a transcript of the testimony, upon counsel for relator on April 13, 1910, with a notice for settlement of the same before respondent on April 21, 1910.  The proposed bill of exceptions was not settled on said April 21st, because relator's counsel had been unable to prepare his amendments thereto, and the settlement of the bill seems to have been indefinitely deferred by counsel.  Prior to May 15, 1910, counsel for relator had prepared a number of amendments, and was proceeding with the preparation of further amendments, when one of defendant's counsel came to his office and borrowed and took away the proposed bill of exceptions and transcript of testimony, and kept the same until about September 9, 1910, when they were returned.  It is a disputed question whether between May 15 and Sep-

tember 9, 1910, defendant's counsel called the attention of relator's counsel to said matter.

On October 4, 1910, notice was served upon relator's counsel for settlement of said bill of exceptions on October 10, 1910, before respondent. On October 10th counsel for relator and for said defendant appeared before the respondent, when counsel for defendant presented a proposed bill of exceptions, with proof of service of the same on counsel for relator upon October 4, 1910. The settlement of such proposed bill of exceptions was then objected to by counsel for relator upon the ground, and for the reason, that no authority then existed to settle the same. No action was taken by respondent on that day. But on October 11, 1910, being the first day of the October term of said court, one of the counsel for said defendant called up the matter of the settlement of his said proposed bill of exceptions in open court, and, pending the consideration of the matter, served upon counsel for relator a motion for an order extending the time for the settlement of said bill of exceptions, which motion was noticed for hearing on October 15, 1910. Upon the 12th day of October, 1910, a writ of error was duly issued from this court, returnable November 11, 1910. A copy of the said motion with an affidavit upon which said motion is based, and also an affidavit in behalf of relator in opposition to said motion, appear in this record. Said motion came on to be heard before respondent in open court on said October 15, 1910. At the conclusion of the hearing, the respondent made an order extending the time for the settlement of said bill of exceptions for 15 days from and including the day of the entry thereof. Upon the same day counsel for relator made and entered a motion to set aside said order extending the time for settlement of such proposed bill of exceptions, and, by consent of counsel, the same was brought on for hearing upon the same day, and was denied by the respondent. Whereupon, relator applied by petition to this court, and obtained an order requiring the respond-

ent to show cause why the said order of October 15, 1910, granting said defendant 15 days from and after that day to settle a bill of exceptions, should not be set aside. The respondent has answered said petition.

An extension of time to move for a new trial or settle a bill of exceptions having been granted at the term at which the judgment was entered, it was valid for at least 80 days. *Roach* v. *Wayne Circuit Judge*, 117 Mich. 242 (75 N. W. 465). The motion for a new trial having been denied on March 16, 1910, the defendant in the case had a reasonable time thereafter for the settlement of a bill of exceptions. *Harper* v. *Wayne Circuit Judge*, 155 Mich. 543 (119 N. W. 913). He was granted 30 days by the respondent.

We are of opinion that after the expiration of the time above granted the respondent had the power, upon sufficient cause shown, after due notice to opposing counsel, to further extend the time for settling the bill of exceptions. In the recent case of *Kaiser* v. *Wayne Circuit Judge*, 162 Mich. 247 (127 N. W. 336), it will be noted that the order extending the time was made without cause being shown, and without notice. In 162 Mich. 250 (127 N. W. 922), a motion for rehearing was denied in the last-cited case, and the following language was used by Justice OSTRANDER:

"A rehearing is denied for the reason that the order of the court below extending the time in which to settle a bill of exceptions was properly set aside. But in so far as the opinion limits the right of the court to at any time entertain a motion, supported by affidavits, after due notice to opposing counsel, to extend the time for settling exceptions, we think it should be modified. We are impressed that, in view of some former decisions of the court, a rule upon this subject should be announced only in the form of a rule, to take effect in the future. The opinion therefore will be considered as deciding only the precise question presented by relator's motion."

The above being the last expression of this court upon the subject, it must control us here.

We will not review the judicial discretion of the respondent, the showing being sufficient to call for the exercise of his discretion, and such discretion having been exercised. *Sanborn* v. *St. Clair Circuit Judge*, 94 Mich. 526 (54 N. W. 295); *Small* v. *Olds*, 151 Mich. 113 (114 N. W. 872).

Writ denied, with costs.

OSTRANDER, C. J., and BIRD, HOOKER, and MOORE, JJ., concurred.