# OCTOBER TERM, 1918.

## BREVOORT v. WAYNE CIRCUIT JUDGE.

1. APPEAL AND ERROR—BILL OF EXCEPTIONS—TIME TO SETTLE—
   EXTENSION OF TIME—STATUTES—COURT RULES.

   Under the provisions of the judicature act (section 62,
   chap. 18, Act No. 314, Pub. Acts 1915, 3 Comp. Laws 1915,
   § 12634) and Circuit Court Rule No. 66, there are three
   possible stages contemplated in connection with the allow-
   ance of time for settling bills of exceptions: (1) A party
   is always entitled to 20 days as a matter of right; (2)
   on the production of a certificate from the court stenog-
   rapher to the effect that a transcript of the testimony
   has been ordered and will be furnished as soon as possi-
   ble, an extension may be granted, and, if not more than
   60 days is requested, may be granted on *ex parte* applica-
   tion; (3) on the expiration of the 80 days, on showing
   of good cause made by affidavit on special motion after
   notice to the adverse party, it is within the discretion of
   the court to grant a further extension; also parties may,
   by stipulation, within the statutory limits, arrange ex-
   tension between themselves.

2. SAME—STENOGRAPHER'S CERTIFICATE.

   The statutory provision requiring the stenographer's certifi-
   cate applies only to the first extension beyond the 20-day
   period.

3. SAME—"GOOD CAUSE" SHOWN—DISCRETION OF COURT.

   The "good cause" not being limited to the inability of the
   stenographer to seasonably complete the transcript, and
   there being nothing in the statute or court rule which
   deprived the judge of power to grant an extension, if
   sufficient cause existed, the court was in error in holding
   that he was without discretion, and should have decided
   a motion to extend the time solely on the question of
   whether or not good cause was shown.

4. SAME.

    A showing that because of disagreement with counsel, defendant, who was 74 years of age and in feeble health, selected new counsel, that within two weeks after the transcript was received it was delivered to counsel, who, while familiarizing himself with the case, inadvertently allowed the time for settling the bill of exceptions to expire, *held*, sufficient to support an order granting a further reasonable extension of time.

Mandamus by Henry N. Brevoort and another to compel Frederick W. Mayne, acting circuit judge of Wayne county, to grant an extension of time to settle a bill of exceptions. Submitted October 8, 1918. (Calendar No. 28,437.) Writ granted October 29, 1918.

*A. J. Groesbeck*, for plaintiffs.

*Orla B. Taylor*, for defendant.

KUHN, J. Plaintiffs are seeking a writ of mandamus directing the defendant to grant an extension of time to settle the bill of exceptions in a certain case, tried before him while sitting in the Wayne circuit in June, 1917, wherein Ralph Phelps and Orla B. Taylor were plaintiffs and the plaintiffs here were defendants. The case was an action of ejectment brought to recover a strip of land on Grosse Isle, and grew out of a boundary line dispute. A verdict was directed in favor of plaintiffs on June 19, 1917. No motion was made for a new trial. The proceedings relative to the bill of exceptions were as follows:

June 21, 1917: Order entered staying proceedings for 20 days, and granting 80 days after entry of judgment to settle bill of exceptions (no certificate of the court stenographer was filed).

June 25, 1917: Judgment entered.

July 20, 1917: The order of June 21st being in violation of the provisions of section 12634, 3 Comp. Laws 1915, a stipulation was signed extending time

within which to settle bill of exceptions 60 days from entry of judgment.

July 20, 1917: Certificate issued by court stenographer that a transcript of the testimony had been ordered on June 19, 1917, and that the same would be furnished as soon as possible.

August 3, 1917: Above stipulation and certificate filed.

August 17, 1917: Second certificate of court stenographer filed, stating that he had been unable to get out the transcript and would not be able to complete it by August 19th.

August 17, 1917: Order signed by Judge Hally, of the Wayne circuit, extending the time for settling the bill of exceptions 90 days. (This order was not based on affidavit and special motion after notice to adverse party, nor on stipulation.)

August 21, 1917: Above order filed.

September 26, 1917: Motion filed to vacate and set aside above order, accompanied by affidavits.

September 28, 1917: Motion heard. Order made by Judge Hally that the time to settle the bill of exceptions should expire on October 9, 1917, unless there should have been filed prior to that date the certificate of the court stenographer that he was actually engaged in preparing the transcript and would complete the same with all convenient speed.

September 29, 1917: Certificate made by court stenographer that transcript had been ordered by defendants and all conditions complied with, and that the work of getting out the record was proceeding as rapidly as possible.

October 10, 1917: Above certificate filed.

December 24, 1917: Motion for further extension of time to settle bill of exceptions filed.

December 31, 1917: Motion noticed for hearing on January 5, 1918.

January 23, 1918: Motion and supporting affidavits, also affidavits in opposition, received by defendant at Charlevoix, together with briefs for respective parties.

January 31, 1918: Opinion and order denying motion made and signed by defendant.

February 7, 1918: Opinion and order filed.

May 15, 1918: Application for mandamus filed in this court.

In his order denying the motion, after reviewing the history of the case since verdict, defendant said:

"Reference to the dates shows that forty-one days elapsed since the last date upon which bill of exceptions could be settled under Judge Hally's order, and sixty-seven days since the receipt of the transcript of testimony was taken by the defendant and over six months since the verdict and judgment entered thereon, prior to date of making this motion.

"Law.

"Under the above facts the court has no discretion. *Guthrie* v. *Leelanau Circuit Judge,* 197 Mich. 321; *Boyne City Hardware Co.* v. *Charlevoix Circuit Judge,* 197 Mich. 374.

"In the latter case it was said:

" 'It is quite clear that the discretion of the circuit judge may be exercised only within the limits fixed by the statute and the rule.   *   *   *   Parties desiring to review judgments must act seasonably and courts may exercise discretion only within the statutory limitations.'

"The motion is therefore denied."

Section 62, chap. 18, of the judicature act (being section 12634, 3 Comp. Laws 1915), provides as follows:

"The court or the circuit judge at chambers may allow such time as shall be deemed reasonable to settle such exceptions and reduce the same to form: *Provided,* That no more than twenty days shall be allowed for such purpose, except upon the production of a certificate from the stenographer of said circuit stating that the party desiring such extension has ordered a transcript of the testimony necessary for the preparation of said bill of exceptions, and that the same will be furnished as soon as possible by said stenographer. If a motion for a new trial is made within said twenty days, and such motion be denied, the time to settle a bill of exceptions may be extended

twenty days from the date of such denial without the production of such certificate."

Circuit Court Rule No. 66 contains the following provisions:

"SEC. 1. A party shall have not less than twenty days after entry of judgment or decree for the settlement of a bill of exceptions, in actions at law, or of a case containing the evidence for review in the Supreme Court in actions in equity, but the stay of execution or other proceedings during that time shall be discretionary with the court.

"SEC. 2. Subject to the limitations prescribed by statute, and upon such terms and conditions as shall be deemed just, the court may grant such further reasonable time as shall be deemed proper for a settlement of a bill of exceptions or case, and may extend such time when proper. But no more than sixty days further time shall be granted for that purpose, except for good cause shown by affidavit on special motion after notice to the adverse party, or on the written stipulation of the parties."

There are, therefore, three possible stages contemplated by the above statute and rule in connection with the allowance of time for settling bills of exceptions. To begin with, a party is always entitled to 20 days as a matter of right. There are no regulations or restrictions relating to this first stage. As to the second stage, by the express provision of statute above quoted, the extension beyond the 20 days cannot be granted, unless the applicant produces a certificate from the court stenographer to the effect that a transcript of the testimony has been ordered and will be furnished as soon as possible. On production of such certificate, an extension may be granted, and, if not more than 60 days is requested, may be granted on an *ex parte* application. If, however, it turns out that this extended period is not sufficient, there is still power residing in the court, in its discretion, to grant a further extension, provided the ap-

plication is made in the form required by the rule and good cause is shown. The rule expressly provides that when this third stage is reached (*i. e.*, when an extension beyond 80 days from date of judgment is sought), the showing of good cause must be made by affidavit on special motion after notice to the adverse party. If it is not so made, the court is without power to grant the extension. And any subsequent extension that may become necessary is of this same class and must be sought in the same manner. A party is, of course, not limited to 20 days in the first instance, nor to 60 on the first extension, but if more time is sought in either case, the provisions of the statute and the rule applicable to the situation must be complied with. There is this exception to the above regulations, that if the parties by written stipulation arrange the extension between themselves, not to exceed of course the time limited by statute, the court is not further concerned and there is then no question of lack of authority to make an order in accordance with the stipulation. The purpose of the rules is to prevent unnecessary delays by the defeated party after judgment, and the provisions are for the benefit of the opposite party.

The case of *Boyne City Hardware Co.* v. *Charlevoix Circuit Judge,* 197 Mich. 374, on which the defendant based his decision in this matter, was one which the court had attempted to extend the time beyond the first 20-day period without the production of the certificate of the court stenographer, and then, more than six months after the expiration of the 60-day extension which he had attempted to grant, a motion was made for a further extension. No stenographer's certificate was produced at this time, but one of the affidavits in support of the motion showed that the completed transcript had been delivered by the stenographer to the attorney four months before the date of the motion.

Under these circumstances, the court was clearly without authority to grant an extension.

*Guthrie* v. *Leelanau Circuit Judge*, 197 Mich. 321 (the other case relied upon by defendant for his decision), involved an attempted chancery appeal. The statute requiring the payment of an appeal fee to the register in chancery within 20 days after the filing of the decree was held to be mandatory and, further, to be a condition precedent to the extension of time to settle a case for appeal.

Neither of these cases meets the situation presented in the matter now under consideration. In this case a 60-day period had been properly obtained, following which a 90-day extension was allowed, and the question before us is whether or not, under the circumstances, a further extension ought to be granted. We do not overlook the fact that the order of June 21, 1917, purporting to grant 80 days' time to settle the bill of exceptions, was unauthorized and beyond the power of the court to make, the terms of the statute not having been complied with, but this defect was cured by stipulation. The defect in the order of August 17, 1917, granting the 90-day extension, in that it was not based on written motion, affidavits and notice, may be considered as cured by the proceedings in court on the motion to vacate the order, at which time, both parties being present and cause being shown, the court made another order, the effect of which was to grant a period expiring October 9, 1917, within which to settle the bill of exceptions, and if prior to that date a certain certificate of the court stenographer was filed, then the full period of 90 days as allowed by the previous order was to stand and remain in force. The required certificate was seasonably obtained, but was not actually filed until October 10th. Plaintiffs' counsel, however, raised no question on this ground and treated the extension as in force

for the full period.  He had been keeping track of the
progress of the transcript by direct reports from the
court stenographer, and on October 22, 1917, wrote
Mr. Brevoort as follows:

"I have been advised by Mr. Donaldson that he de-
livered about 54 pages of the testimony in *Phelps* v.
*Brevoort* on October 12th and that on October 20th
he had delivered the pages up to and including 277.

"In order to get the case upon the docket for the
January term, it will be necessary to complete the bill
of exceptions within a couple of weeks, so that the
record may be printed.

"Upon the hearing before Judge Hally, I stated that
I would be glad to sit down with your counsel and
prepare the bill of exceptions in order that it might
be completed at as early a date as possible.  Since
then, I have heard nothing from you.

"I am writing now to say that, unless you take the
proper steps to assure the hearing of this case at the
January term, I shall make a motion very shortly to
limit the time for the preparation of the bill of ex-
ceptions.  We are entitled to have this case heard at
the January term and we must insist upon our rights."

The sole question, therefore, is as to the power of
the circuit judge to grant the further extension sought
in defendants' motion of December 24th.  The judge's
denial was based, not on an exercise of his discretion,
but on the belief that under our former decisions he
had no right to exercise discretion in the matter.  As
we have seen, in the case of *Boyne City Hardware Co.*
v. *Charlevoix Circuit Judge, supra,* on which he based
his decision, no certificate of the court stenographer
had ever been produced, and the court was clearly
without authority to grant an extension.  There was a
direct violation of the statutory provision.  But in the
instant matter, as is shown, the first grant of time
beyond the 20-day period was lawfully obtained, and
several certificates of the court stenographer have
been produced.  The statutory provision requiring the

stenographer's certificate clearly applies only to the *first* extension beyond the 20-day period. See *People* v. *Manistee Circuit Judge,* 194 Mich. 527. Not only is this the natural meaning to be given to the words of the statute, but a situation can be easily called to mind rendering a broader interpretation unreasonable. Suppose, for instance, that a 60-day extension had been granted on production of proper certificate. Without fault on the part of the stenographer, he is delayed in getting out the transcript, but finally completes and delivers it to the attorney on the 58th or 59th day of this period. The party is clearly entitled to a further extension, yet the stenographer cannot then make the certificate in the form required. So it is apparent that when this stage is reached, it is merely a matter of showing good cause by affidavit on special motion after notice. The "good cause" is not limited to the inability of the stenographer to seasonably complete the transcript. That is usually one of the causes, but it is apparent that other contingencies might arise requiring an extension. There is, therefore, nothing in the *statute* which deprived the judge of power to grant the extension, if sufficient cause existed. Nor can we find anything in the *court rule* which made it other than a case for the exercise of his discretion. In the filing of the motion, the provisions of the rule as to form and manner of presenting same appear to have been complied with. The matter would accordingly seem to resolve itself solely into a question of whether "good cause" had been shown, unless (as the opinion of the judge seemed to indicate) the fact that something over a month had elapsed between the expiration of the 90-day extension and the filing of the motion, deprived him of power to act. In the original opinion in *Kaiser* v. *Wayne Circuit Judge,* 162 Mich. 247, this court did announce such a rule, holding that the extension must

be applied for before the time already granted had expired, but, on rehearing, the opinion was modified, Mr. Justice OSTRANDER saying:

"But in so far as the opinion limits the right of the court to at any time entertain a motion, supported by affidavits, after due notice to opposing counsel, to extend the time for settling exceptions, we think it should be modified. We are impressed that in view of some former decisions of the court, a rule upon this subject should be announced only in the form of a rule to take effect in the future."

Previously, in the case of *Roach* v. *Wayne Circuit Judge,* 117 Mich. 242, this court had said:

"It is further provided that no more than 60 days' further time shall be granted except for good cause shown by affidavit on special motion after notice to the adverse party. There is no express limitation as to the time when this order may be made, and we think no such limitation need be interpolated by construction. The rights of the parties are sufficiently protected by the requirement that they shall have notice of, and an opportunity to contest, such application."

Following the *Kaiser Case,* in *Pettinger* v. *Montmorency Circuit Judge,* 164 Mich. 463, this court said:

"We are of opinion that after the expiration of the time above granted the respondent had the power, upon sufficient cause shown, after due notice to opposing counsel, to further extend the time for settling the bill of exceptions. In the recent case of *Kaiser* v. *Wayne Circuit Judge,* 162 Mich. 247 (127 N. W. 236), it will be noted that the order extending the time was made without cause being shown and without notice,"

—and after quoting the language of Justice OSTRANDER above set forth, continued:

"The above being the last expression of this court upon the subject, it must control us here."

No contrary rule has since been announced. Present Circuit Court Rule No. 66, which has since superseded former Rule No. 47, makes no change in this respect, nor is there anything in section 62, chap. 18, of the judicature act, which would operate to modify the effect of these decisions. The circuit judge, therefore, should not have regarded himself as deprived of the right to exercise discretion in the matter, but should have decided the motion solely on the question of whether or not good cause was shown.

It is manifest that "good cause" cannot be confined exclusively to delays in the furnishing of the stenographer's transcript. Suppose an attorney, after receiving the completed transcript and beginning work thereon, becomes ill. It appearing after a week or two that his illness is serious and will be of long duration, a new attorney is employed, who with reasonable promptness begins to familiarize himself with the matter. Before he can complete the preparation of the bill of exceptions, he meets with a fatal accident, and the matter must be taken up anew by a third attorney. Can it be doubted that the court has power to grant the necessary extensions to meet the situation?

In the instant case, the defendant Henry N. Brevoort is the nominal attorney of record. It appears that he is 74 years of age, that he has not been a well man for many years, and that his illness causes him to suffer from lapses of memory. He did not attempt to try the case, but employed Mr. Edwin Henderson to try it for him. During the summer or fall of 1917, a disagreement arose between Mr. Brevoort and Mr. Henderson and the latter withdrew from the case. This introduced a real and serious difficulty into the situation. Some delay might well be expected in connection with the selection of new counsel and his familiarizing himself with the matter. Little could be done to this end until the transcript was

ready. The transcript was completed by the stenographer on October 24th, and in less than two weeks, viz., on November 6th, was delivered by Mr. Brevoort to Mr. Alexander J. Groesbeck for the purpose of having an investigation made by him as to the likelihood of a reversal of the judgment entered in the cause. The transcript was a long one, the trial having been in progress from June 11th to 19th. While Mr. Groesbeck was at work on the case, it was discovered that the time for settling the bill had inadvertently been allowed to expire. A motion for a further extension was at once prepared. This was on December 24, 1917. Because of the holidays, the date of the hearing was fixed as January 5, 1918. Some further delay ensued in the effort to have the matter heard by Judge Mayne, who tried the case. The papers were finally mailed to him, reaching him January 23d. It is our opinion that such a showing might well support an order granting a further reasonable extension of time.

The writ will issue as prayed for.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, FELLOWS, BROOKE, and STONE, JJ., concurred.