REYNICK *v.* SAGINAW CIRCUIT JUDGE.

1. MANDAMUS—PRACTICE—PLEADING—RETURN CONCLUSIVE IF NOT CONTROVERTED.

In mandamus proceedings to compel the circuit judge to vacate an order extending the time to settle a bill of exceptions, the return of the judge that the order was based on the consent in open court of counsel representing both parties, not being controverted by plea, is conclusive.

2. EXCEPTIONS, BILL OF—EXTENDING TIME FOR FILING—CONSENT IN OPEN COURT.

Counsel by written stipulation, and without procuring the stenographer's certificate required by 3 Comp. Laws 1915, § 12634, may extend the time for settling a bill of exceptions not exceeding the time limited by statute, and an order entered upon the journal of the court by consent of counsel in open court is equally effective.

3. SAME—FILING BOND BY STATE NOT REQUIRED.

The language of the order requiring the State, which was a party to the proceedings, to file a bond as a condition for extending the time to file a bill of exceptions was written inadvertently and should be disregarded, since

under 3 Comp. Laws 1915, § 13762, a bond could not be required of the State.

4. SAME—GOOD CAUSE FOR EXTENDING TIME—ABUSE OF DISCRETION. The order of the court granting or denying a further extension of time for good cause shown will not be disturbed except in a case of clear abuse of discretion.

5. SAME.

The order extending the time upon a showing of cause by the attorney general, by affidavit, that there was a press of public business in his office, and "that the legal questions involved in said cause, the determination of which is sought by appeal, are of great importance to the people of the State," *held*, not such a palpable abuse of discretion, affirmatively shown, as to call for interference by this court.

Mandamus by Charles J. Reynick and others, executors of the last will of Ezra Rust, deceased, to compel Ernest A. Snow, circuit judge of Saginaw county, to vacate an order extending the time to settle a bill of exceptions. Submitted April 13, 1920. (Calendar No. 29,166.) Writ denied June 7, 1920.

*Weadock & Weadock* (*Cavanaugh & Burke*, of counsel), for plaintiffs.

*Alex. J. Groesbeck*, Attorney General, and *Duane H. Mosier*, Assistant Attorney General (*Leland W. Carr*, of counsel), for defendant.

CLARK, J. Plaintiffs are executors and executrix of the will of Ezra Rust, admitted to probate by the probate court of the county of Saginaw. On behalf of the State a petition was filed in said court the purpose of which was to reach certain mining leases, so-called, covering lands in Minnesota, in which Mr. Rust had been lessor, it being the contention of the State that the leases are personal property and that their transfer under the will is subject to the inheritance tax

law of the State. The probate court dismissed the petition. On appeal, defendant, circuit judge, directed a verdict against the State and judgment was entered thereon June 9, 1919. An order was then obtained and entered on the journal of the court granting 20 days in which to move for a new trial or settle a bill of exceptions with stay of proceedings and a further extension of 60 days on condition that a bond be filed. There was no motion for a new trial. On November 26, 1919, counsel for the State filed in the cause a motion, supported by affidavit, for an extension of time to settle a bill of exceptions. The motion was heard December 15, 1919, and on December 22, 1919, defendant, circuit judge, made an order extending the time to and including January 26, 1920. Plaintiffs seek by mandamus to set aside this order.

3 Comp. Laws 1915, § 12634, provides:

"The court or the circuit judge at chambers may allow such time as shall be deemed reasonable to settle such exceptions and reduce the same to form: *Provided,* That no more than twenty days shall be allowed for such purpose, except upon the production of a certificate from the stenographer of said circuit stating that the party desiring such extension has ordered a transcript of the testimony necessary for the preparation of said bill of exceptions, and that the same will be furnished as soon as possible by said stenographer. If a motion for a new trial is made within said twenty days, and such motion be denied .the time to settle a bill of exceptions may be extended twenty days from the date of such denial without the production of such certificate."

Circuit Court Rule No. 66 contains the following:

"SECTION 1. A party shall have not less than twenty days after entry of judgment or decree for the settlement of a bill of exceptions, in actions at law, or of a case containing the evidence for review in the Supreme Court in actions in equity, but the stay of execution or other proceedings during that time shall be discretionary with the court.

"SEC. 2. Subject to the limitations prescribed by statute, and upon such terms and conditions as shall be deemed just, the court may grant such further reasonable time as shall be deemed proper for a settlement of a bill of exceptions or case, and may extend such time when proper. But no more than sixty days further time shall be granted for that purpose, except for good cause shown by affidavit on special motion after notice to the adverse party, or on the written stipulation of the parties."

Plaintiffs say that the order sought to be set aside is void for the three following reasons:

1. The State did not procure and produce the certificate of the stenographer required by the statute and the production of the certificate was not waived and the circuit court, therefore, was without jurisdiction to grant an extension of time in which to settle a bill of exceptions. On this point the return of the defendant, circuit judge, states that the order granting 80 days in which to settle a bill of exceptions was based on the consent in open court of counsel representing both parties. The return, not being controverted by plea, is conclusive. 3 Comp. Laws 1915, § 13440; *Yerkes* v. *Antrim Circuit Judge,* 200 Mich. 443. Counsel by written stipulation, and without procuring the stenographer's certificate, may extend the time for settling a bill of exceptions not exceeding the time limited by statute. *Brevoort* v. *Wayne Circuit Judge,* 203 Mich. 388. An order entered upon the journal of the court by consent of counsel in open court is equally effective.

2. A bond was not filed as required by the order. As to this it may be said that the language of the order requiring the State to file a bond was written inadvertently and should be disregarded. A bond could not be required of the State. 3 Comp. Laws 1915, § 13762.

3. The State did not by its motion make any show-

ing of good cause which would authorize the court to grant such extension of time. On this point we state that beyond the 20 days to which a party is entitled as a matter of right, and beyond the 60 days which may be granted on *ex parte* application on production of the stenographer's certificate, the court has power to grant a further extension not exceeding the statutory limitation upon a showing of good cause by affidavit on special motion after notice to the adverse party, and as was stated by Justice KUHN in *Brevoort v. Wayne Circuit Judge, supra,* these regulations are subject to the exception that not exceeding the time limited by statute the extension may be had by written stipulation, and as we here hold, by an order entered by consent of counsel in open court. The special motion and showing of good cause may be made after the 80 days have expired (*Roach* v. *Wayne Circuit Judge,* 117 Mich. 242), and the order of the court in granting or denying the extension so sought will not be disturbed except in a case of clear abuse of discretion. Here the showing of cause by affidavit was the press of public business in the attorney general's office and "that the legal questions involved in said cause, the determination of which is sought by appeal, are of great importance to the people of the State." We do not find from the record such a palpable abuse of discretion, affirmatively shown, as to call for interference by this court. *Smilansky* v. *Wayne Circuit Judge,* 186 Mich. 463; *Pettinger* v. *Montmorency Circuit Judge,* 164 Mich. 463.

Writ denied, with costs to defendant.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.