## ÆTNA INSURANCE CO. OF HARTFORD v. EMMET CIRCUIT JUDGE.

EXCEPTIONS, BILL OF—EXTENSION OF TIME—ABUSE OF DISCRETION. Where more than five months is allowed within which to move for new trial and settle bill of exceptions, and motion for new trial is not set for hearing until the last day granted, additional time to settle bill of exceptions is not matter of right, in absence of showing justifying such delay, and denial of additional time, under the circumstances, is not abuse of discretion.

Mandamus by Ætna Insurance Company of Hartford, Connecticut, to compel Joseph Barton, circuit judge presiding in Emmet county, to grant further extension of time to settle a bill of exceptions. Submitted October 22, 1929. (Calendar No. 34,531.) Writ denied December 3, 1929.

*Pailthorp & Pailthorp* (*B. H. Halstead,* of counsel), for plaintiff.

*F. L. Keating,* for defendant.

North, C. J. This is a mandamus proceeding wherein plaintiff seeks to compel the circuit judge to grant a further extension of time within which to settle a bill of exceptions in a case brought by Charles H. Sanford against the plaintiff herein. Sanford's suit was on a fire insurance policy, and on December 6, 1928, he had verdict and judgment for $1,500 and accrued interest. Time within which to settle a bill of exceptions and/or move for a new trial was extended by successive court orders to May 13, 1929. A motion for a new trial, filed May 4, 1929, was noticed for hearing and denied May 13, 1929. On the same day, by consent of counsel, the motion of the insurance company for a further extension of time within which to settle and file a bill of exceptions was heard by the trial judge. This motion was also denied on the day it was heard. Mandamus is here sought to compel the vacating of the order thus entered. In its brief, petitioner for the writ of mandamus states:

"It was our contention that under our practice, in a case in which the time in which to move for a new trial and/or settle a bill of exceptions had been regularly extended, that if a motion for a new trial is presented upon the last day of the extended time

and denied, that as a matter of right, the party whose motion is denied, is entitled to a reasonable extension of time thereafter in which to settle a bill of exceptions. It is our further contention that if we are not correct in our first statement, and that it does rest within the sound discretion of the trial court to grant or deny motion for a further extension of time in which to settle a bill of exceptions, that under the facts involved in the case at bar, the refusal of the trial court to grant a further extension of time in which to settle a bill of exceptions, was a clear abuse of sound discretion upon the part of the trial court.''

Counsel's first contention above set forth cannot be sustained, when, as here, more than five months is allowed within which to move for a new trial and settle a bill of exceptions and the motion for a new trial is not set for hearing until the last day granted. Then additional time is not a matter of right, in the absence of a showing justifying such delay.

The remaining question is whether this record sustains petitioner's claim that there was an abuse of discretion. As noted above, judgment was rendered on December 6, 1928. The stenographer's transcript, consisting of 166 pages of double-spaced typewritten matter was furnished on the 17th day of January, 1929. The usual 20 and 60 days were granted, and thereafter time within which to settle the bill of exceptions was twice extended, the last order granting time to May 13, 1929. From January 17th to May 13th, practically nothing seems to have been done aside from the preparation and presentation of the motion for a new trial. This motion appears in the record, and from its contents it is obviously a motion which ordinarily could have been submitted to the court within a week after judgment, or at least within that time after securing

the transcript of the record. The last order extending time was entered April 25, 1929. It was vigorously opposed by Mr. Sanford's counsel. Notwithstanding this, the insurance company took no steps in the settlement of the bill of exceptions within the additional time granted, and did not notice the hearing of its motion for a new trial until the last day. There is something of a showing as to the inability of counsel to devote their time to the preparation of the bill of exceptions in this case. The details of this showing we will not attempt to recite, but we are of the opinion that it is inadequate. The bill of exceptions could easily have been prepared in half the time allowed. We cannot avoid the conclusion that the delay in this case is inexcusable.

Petitioner has cited and relies upon *Harper* v. *Wayne Circuit Judge,* 155 Mich. 543, and *Kaiser* v. *Wayne Circuit Judge,* 162 Mich. 247. The facts bearing upon petitioner's diligence in the instant case are decidedly different from those in the *Harper Case.* There the motion for a new trial was filed on the tenth day after judgment, and less than 30 days during which the trial judge was available intervened between the filing and hearing of the motion. After the motion was made and filed the opposing party could have noticed it for hearing as well as the mover. Clearly the litigant presenting the motion was not guilty of laches. In the *Kaiser Case, supra,* mandamus issued to compel the vacating of an order extending time within which to settle a bill of exceptions; and it is therein stated:

"A party has 20 days after denial of motion for a new trial in which to settle a bill of exceptions; *the motion for a new trial having been seasonably made and brought on for hearing in a reasonable time.*"

The difficulty here is that the motion for a new trial was not seasonably made; and this militates decidedly against the contention of the insurance company that the denial of its motion for additional time within which to settle the bill of exceptions was an abuse of discretion. It is urged unless an appellant is entitled to further time after the denial of a motion for a new trial, it will always be necessary to proceed with the settlement of the bill of exceptions pending the motion for a new trial and thus incur unnecessary expense in the event a new trial is granted. It may be conceded that an abuse of discretion might be found in a case wherein there was a denial of time within which to settle a bill of exceptions after the disposition of a motion for a new trial which was timely made. But we would not be justified in applying the rule of such a case to the record now before us.

The writ is denied, with costs.

FEAD, BUTZEL, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred. McDONALD, J., took no part in this decision.