WILKINS *v.* GENESEE CIRCUIT JUDGE.

APPEAL—BILL OF EXCEPTIONS—NOTICE OF SETTLEMENT.

*Defendant, against which a judgment had been rendered, made a motion for time to settle a bill of exceptions to the first day of the next term. The attorney for plaintiff opposed the motion, but not on the ground that no notice had been given or showing made, as required by Circuit Court Rule No. 47. *Held*, that plaintiff had waived such notice and showing.

*Mandamus* by Rebecca Wilkins to compel Charles H. Wisner, circuit judge of Genesee county, to set aside an order settling a bill of exceptions. Submitted December 19, 1900. Writ denied January 29, 1901.

*Everett L. Bray*, for relator.

*Daniel Heims*, for respondent.

GRANT, J. Relator obtained judgment against the city of Flint on May 5, 1900. On the same day the attorney for the defendant moved the court for an order giving

---

[1] *I. e.*, $1,000.

*Head-note by GRANT, J.

time to settle a bill of exceptions or move for a new trial till the first Tuesday of September, the first day of the next term.   The attorney for the relator appeared before the court and objected to an extension for the time asked, insisting that an extension of 30 days was sufficient.   The court, after hearing the arguments of counsel, fixed the time as the 15th day of August.   On that day counsel for relator appeared before the circuit judge, and objected for the first time to the settlement of the bill, because Cir. Ct. Rule No. 47 had not been complied with.   The court settled the bill.   Thereupon the relator moved the court to set the settlement aside, and the motion was refused.   Relator now seeks the writ of *mandamus* to compel the court to make such an order and refuse a settlement of the bill.

It appears that neither the court nor the attorneys had in mind Rule No. 47.   Had the attention of the court been called to it, and counsel for relator had objected because such extension would be in violation of the rule, undoubtedly such order would not have been made.   The motion was an oral one, made when both attorneys were in court; and no objection was made to the hearing on the ground that no notice had been given, or that there was no showing under the rule for an extension beyond 60 days.   We think the court correctly held that the relator had waived the notice and the showing required by the rule.

The writ will be denied.

The other Justices concurred.