## CULVER *v.* VAN BUREN CIRCUIT JUDGE.

BILL OF EXCEPTIONS — SETTLEMENT—TIME—EXTENSION—STIPULA-
TIONS.

> Any objection to an order extending the time for settlement of
> a bill of exceptions is waived by entering into a stipulation
> on the date the order is granted that the parties will, if pos-
> sible, agree on a bill at an earlier date, and, if so agreed,
> the bill may be signed by the judge at the later date nunc
> pro tunc; and, the parties failing to agree, the judge acts with-
> in his rights in receiving the bill and its amendments on the
> date to which the time was extended and appointing a time
> for final settlement.

Mandamus by William Culver to compel John R.
Carr, circuit judge of Van Buren county, to set aside an
order extending the time for settling a bill of exceptions.
Submitted October 17, 1905.　(Calendar No. 21,339.)
Writ denied November 7, 1905.

*T. J. Cavanaugh* and *L. A. Tabor*, for relator.

*W. J. Barnard* (*Edward Maher*, of counsel), for re-
spondent.

PER CURIAM.　Relator asks for a mandamus to vacate
certain orders extending the time for settling a bill of ex-
ceptions in a case wherein relator, as plaintiff, recovered
a judgment in the circuit court for Van Buren county,
and to hold such bill of exceptions settled and signed in
said cause a nullity.

The first order complained of was made July 3, 1905,
by the court in Cass county, extending the time to Sep-
tember 1, 1905.　On the same day the parties, by their
attorneys, entered into a written stipulation setting forth,
among other things, that they would, if possible, agree
upon a bill of exceptions at Paw Paw, Van Buren county,
before July 25, 1905, and that it might be signed by re-

spondent September 1st, nunc pro tunc as of July 29, 1905. No agreement was arrived at, and on September 1st the bill of exceptions was presented to respondent for settlement; the attorneys for both parties being present. Counsel for relator objected to any action being taken, but proposed a large number of amendments, which were allowed by respondent and ordered to be embodied in the bill of exceptions, and all to be made ready for his signature at Paw Paw on September 5, 1905, to which time the matter was extended, and on that date he finally settled and signed the bills of exceptions as of July 29, 1905, according to the terms of the stipulation. Whatever valid objection, if any, there may have been to the order made July 3d, was waived by the stipulation. The parties to the stipulation understood that, if the bill of exceptions could not be agreed upon, some time would be required by the trial judge to examine the voluminous record, and to pass upon the amendments and determine the controversy according to the facts. Respondent did no more than this, and was within his rights under the rule in appointing the time and place where he finally settled and signed the bill of exceptions.

The writ is denied, with costs.