FITZGIBBONS *v.* IONIA CIRCUIT JUDGE.

BILL OF EXCEPTIONS — SETTLEMENT — EXTENSION OF TIME — PRO·
PRIETY.

> Where nonresident heirs desired to promptly take an appeal
> from an adverse judgment on appeal from probate court, but
> were in good faith advised by their attorney that the admin-
> istrator de bonis non to be appointed was the proper party,
> and relied upon his advice, and an order extending the time
> to settle the bill of exceptions, made on motion of the ad-
> ministrator, who had not been formally made a party to the
> record, was set aside for want of proper notice, there was no
> abuse of discretion in treating a further motion by the ad-
> ministrator as made in behalf of the heirs and extending the
> time as prayed.

Mandamus by Sarah J. Fitzgibbons to compel Frank
D. M. Davis, circuit judge of Ionia county, to set aside
an order granting an extension of time to settle a bill of
exceptions.   Submitted March 17, 1908.   (Calendar No.
22,628.)   Writ denied March 31, 1908.

*R. A. & W. E. Hawley*, for relator.

*A. A. & H. A. Ellis,* for respondent.

BLAIR, J.   Relator having appealed from a decree of
the probate court to the circuit court of Ionia county, se-
cured a verdict in her favor, upon which judgment was
entered October 16, 1906.   On the 19th day of November,
1906, the court determined that each of the parties should
recover their costs out of the estate.   April 10, 1907, ap-
pellant's costs were taxed, on notice, at the sum of $106.30.
By the decree appealed from, made November 15, 1905,
the relator was removed from the office of executrix, de-
termined not to be the legal widow of William Fitzgib-
bons, and Elvert M. Davis was appointed in her place.
Mr. Davis refused to qualify, and, on March 13, 1907,

Mr. R. A. Colwell, the present administrator, was appointed administrator de bonis non and qualified.

The appellees, residents of New York, children and heirs at law of William Fitzgibbons by a lawful wife, whose death is claimed to have validated appellant's theretofore void marriage to their father, desired, from the time of the judgment in favor of relator, to appeal as quickly as possible to this court, but were advised by their attorney that it was the duty of the administrator to take the appeal and he was the proper person to take it.

A bill of exceptions on behalf of the administrator was prepared and served by the attorney for the administrator on the appellant's attorneys May 18, 1907, and an order was entered June 1, 1907, extending the time for settlement thereof, which was afterwards set aside for want of proper notice.

July 2d, the attorney for the administrator, who also represented the appellees, made a motion, based on affidavits, for an extension of time to settle the bill of exceptions. Afterwards, the appellees, by said attorney, orally joined in this application for an extension of time. The motion was granted; respondent has refused to set it aside; and relator applies for a writ of mandamus to require respondent to vacate such order.

Respondent returns, amongst other things, the following:

"In addition to what appeared by the affidavit of R. A. Colwell, Mr. Ellis stated that it had always been the intention of the parties to take the case to the Supreme Court; that he had advised the New York heirs that the administrator de bonis non, when appointed, would have full authority to settle the bill of exceptions and take the case to the Supreme Court for review, that he had advised the heirs that it was the duty of the administrator, in the interest of the creditors and said estate, to have the case reviewed in the Supreme Court.

"That Mr. Hawley had taxed the costs of this court for Mrs. Fitzgibbons in April, and was trying to have the same allowed as the part of her final account. That he had never given notice to tax the costs of appellees be-

cause they did not believe that the judgment and finding was correct, and, if reversed, the order would fall; that the heirs called his attention to the matter directly after the trial, and at all times, and at every time, that he had insisted that the administrator should take the case to the Supreme Court, and to show the court that his clients had never thought of dropping the case, he read a number of letters from William Fitzgibbons and two letters from Grace Dibble, urging that the case be hurried through the Supreme Court. One of the letters from William Fitzgibbons stating: 'I want you to get that case through the Supreme Court right away or get out of the case.' Mr. Ellis stated that the only delay was occasioned by his advice, that he gave the advice in good faith and had he not been of the opinion that the administrator when appointed was the proper party to act, a bill of exceptions would doubtless have been settled promptly after the trial; that his clients were in no way to blame, and that inasmuch as everybody knew that he intended to take the case to the Supreme Court, and as there had been no settlement of the estate and couldn't be any rightfully until the whole proceedings which had been conducted by Jennie Fitzgibbons had been looked over and investigated, and the defendant's account allowed, and it being insisted by Mr. Hawley that the New York heirs were not parties and had been dilatory in their action. Mr. Ellis, then, in the interest of the heirs of New York, asked that the application be treated as the application of the New York heirs and the administrator.

"After hearing the statement of counsel, hearing the letters and affidavits, examining the assignments of error attached to the bill of exceptions, I was of the opinion that the New York heirs had acted in good faith, and that Mr. Ellis had given his advice in good faith, and it was the wish of the heirs in New York, as well as the administrator, to take the case to the Supreme Court, that the New York heirs had counseled with and relied on Mr. Ellis' advice, and as there had been no change in the condition of the estate, and that there were questions affecting the estate, that the questions raised were meritorious, and that the bill could be settled in a very short time, and that the case could be heard in the Supreme Court without unnecessary delay to the settlement of the estate, and thereupon this respondent made an oral statement substantially as set forth in relator's petition."

The administrator de bonis non was not formally made a party to the record and no applications for extension of time were made previous to that above mentioned.

The circuit judge's conclusion was as follows:

"I concluded, under all the circumstances appearing to me at the time, that good cause was shown for the delay that had been occasioned, that the application for settling a bill of exceptions was meritorious, and that substantial justice would be done by permitting the case to be taken to the Supreme Court, as appears by this return."

We think there was a proper foundation for the exercise of the court's discretion, and that it was not such an abuse of discretion to treat the motion on the part of the administrator as made in behalf of the heirs as to require the granting of the writ. *Roach* v. *Wayne Circuit Judge*, 117 Mich. 242; *Merriman* v. *Jackson Circuit Judge*, 96 Mich. 603.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.