NORTHERN ASSURANCE CO. *v.* HOUGHTON CIRCUIT JUDGE.

1. TRIAL—FINDINGS OF FACT AND LAW—DEMAND.
　　An oral demand for findings, on a trial by the court without the aid of a jury, is insufficient. Circuit Court Rule 26.

2. SAME—APPEAL AND ERROR.
　　No duty is imposed on the court to answer letters of attorneys, prepare and enter orders that will preserve their right of appeal, and take action on amendments to his findings never brought to his attention in the manner required by rule.

3. SAME—MANDAMUS—TERM OF JUDGE.
　　Mandamus does not lie to secure amendments to findings of a circuit judge after the expiration of his term of office.

4. SAME—EXTENSION OF TIME TO SETTLE EXCEPTIONS—MOTIONS.
　　An extension of time to settle exceptions to the findings of the trial court cannot be granted except upon cause shown on special motion and notice to opposing counsel.

Mandamus by the Northern Assurance Company to compel Albert T. Streeter, Houghton circuit judge, to grant an extension of time to settle a bill of exceptions,

approve relator's proposed bond on appeal, to render a decision upon amendments proposed by relator to certain findings of fact and law, and vacate an order denying further time. Submitted February 29, 1912. (Calendar No. 24,803.) Writ denied March 12, 1912.

*Schmalzriedt, Spaulding & Herald (Fred H. Aldrich,* of counsel), for relator.

*Burritt & Burritt* for respondent.

OSTRANDER, J. The relator began an action at law in the circuit court for the county of Houghton. On the issue joined therein a trial was had before the court without a jury on November 25, 1910. On December 23, 1910, a judgment was entered in said cause against the plaintiff and in favor of the defendant. The attorneys for plaintiff resided in the city of Detroit, and they were advised on or about the 23d of December, 1910, that judgment had been rendered in said cause, that a stay of 70 days had been entered for settling a bill of exceptions or moving for a new trial, and that the circuit judge would file a statement if the attorneys desired him to do so. On the 29th of December, 1910, the attorneys for plaintiff wrote to the said clerk acknowledging receipt of his letter and asking that a finding of law and facts in the cause be made. Afterwards, on January 30, 1911, a finding was made and filed, of which fact attorneys for the plaintiff had notice on February 2, 1911; a copy thereof being served upon them on that date. Amendments to the said findings were prepared, and on February 2d were served by mail, at which time also a letter was addressed to the said circuit judge, stating that a request for further findings of fact and law had been made, asking him to examine them and approve those that were believed to be warranted and to note counsel's exception to the denial of any that he should deny. The court was not asked to fix a time for settling the said findings. Request was also made in this letter for an extension of time for settling

the case and filing a bill of exceptions for 60 days. A copy of this request was mailed to the attorneys for defendant. On the 31st of March, 1911, a motion, not supported by affidavit, was entered in said cause, asking for an extension of time to settle a bill of exceptions and for the approval of a bond on appeal, and this motion was noticed for hearing on April 4, 1911. Plaintiff's attorneys were notified by letter by the clerk of the court that the circuit judge was out of the city and would not return for about six weeks and that court would convene on the 24th of May. The motion last mentioned was presented June 22d and denied. The additional findings of fact and law were not made and no opinion or reasons filed for refusing to make them. These facts, with certain modifications required by the answer, and others, are set up in the petition of relator, filed in this court in July, 1911, who asks for a mandamus compelling the said circuit judge to grant an extension of time to settle a bill of exceptions, to approve the bond on appeal filed in said cause, or to take some other action in reference thereto, to render decision upon the application made for amendments to the findings filed in said cause, or, if not compelled to render such a decision, to fix a time for the settlement of the findings of law and fact, and to vacate the order dismissing the motion for further time to settle a bill of exceptions.

The answer to this petition was made on or about December 27, 1911. On December 31st the term of office of the said circuit judge expired. At some time, not disclosed by the printed record, relator moved to amend the petition by adding thereto a statement of the fact that the term of said circuit judge, respondent, would expire December 31, 1911; that the Honorable Patrick H. O'Brien had been elected as his successor, and to amend the prayer of said petition by adding:

'If the term of office of the Hon. Albert T. Streeter shall expire before the final order shall be made in the matter first above mentioned, that a copy of this petition may be served upon the Hon. Patrick H. O'Brien, that

he be required by this honorable court to do each and every of the things above prayed, which he as judge of the twelfth judicial circuit has power to do.

"That the said Patrick H. O'Brien, in the case mentioned in the last paragraph, be required to settle a bill of exceptions in the said cause, in the manner prescribed by the laws of the State and the rules and practice of this court."

It appears from the answer of respondent that after the conclusion of the trial an immediate decision of the controversy was delayed, upon request of the attorneys for plaintiff, who asked leave to submit a brief before the formal decision was made; that about December 10th a brief was submitted and later, about December 15th, a supplemental brief; that the brief submitted concluded with this sentence:

"A few incidental questions as to rules of evidence were raised at the trial; but it seemed to be substantially agreed that defendant was liable if the advances were lawfully covered by the bond, so it does not seem necessary to discuss these questions here."

The answer denies that the proposed findings of fact and law were ever brought to the attention of the court in any manner; says that nothing appears in the files of said court to show that any notice thereof was given to attorneys for defendant, and that so far as respondent can recollect he had no knowledge that said request was filed until an examination of the files after the receipt of the order to show cause was issued disclosed them; but respondent answers that, if such proposed findings of fact and law had been properly submitted, he would not have signed them as his findings. The answer further sets out that an examination of the files discloses that a motion for an extension of time to settle a bill of exceptions was filed March 31, 1911, after the adjournment of the January, 1911, term of court; that the circuit court was again in session May 22, 1911; that a notice of hearing of the motion to extend the time for settling the bill of exceptions was filed June

13, 1911, and heard and denied June 19th. The answer concludes:

"This respondent, further answering, says that time for settling a bill of exceptions was granted to the said plaintiff in the first instance, without any request therefor being made by said plaintiff, and that the actions of said plaintiff from the date of the entering of the judgment in said cause, until the filing of the petition for the order to show cause, have shown a disposition to ignore the rules and practice established by your honorable court."

As to the findings of fact: The practice required to be pursued when either party to a cause tried by the court desires findings of fact and law is so plain and so easily pursued it is with some impatience that this court occupies its time with controversies arising primarily from a failure to comply with the rule. Relator asserts that an oral demand for findings was made in open court. An oral demand is not sufficient. Respondent denies that an oral demand was made. A finding was made and filed, but not until after judgment. The demand for it was made in writing—by letter—after judgment. Whether the decision of the court was made in vacation does not appear. 3 Comp. Laws, § 10260. Amendments to the finding were proposed. We must accept as true the answer of respondent upon this point and find that the proposed amendments were never brought to the attention of the court. Various letters were addressed to the respondent, personally, asking for action in the matter. They were unanswered. We have no further information. It appears to be claimed that the respondent should have replied to such letters, acted upon the suggestions made therein, notified counsel of such action, and caused to be prepared and entered such orders as would preserve the rights of both parties. Of course, no such duty was imposed upon respondent, and in this case if such communications were received and read, which does not appear, counsel were not misled into believing that any such duty would be assumed.

Finally, we know of no provision for securing from a judge out of office an amendment to findings made in office. We are of opinion, however, that the findings cannot be treated as a nullity. Relator requested them and did not formally and properly bring to the attention of the court objections to them.

As to an extension of time for settling exceptions: Such an extension was formally denied by the circuit court. The application made for such extension did not comply with the rule. Some of the reasons given for the extension were founded upon the record; some were not. The rule requires cause to be shown by affidavit, on special motion, after notice. Under the rule no cause was shown.

We feel impelled to say that the relator seeks relief from conditions arising out of the failure of its attorneys to reasonably observe rules of practice long in existence and well understood

The writ is denied, with costs to the defendant in the principal cause.

MOORE, C. J., and STEERE, McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred. BIRD, J., did not sit.