BURGESS v. WAYNE CIRCUIT JUDGE.

1. APPEAL AND ERROR — SETTLEMENT OF BILL OF EXCEPTIONS — EXTENSION OF TIME—MOTIONS.

Except upon motion and cause shown or the written stipulation of the parties, the court is not authorized to extend the time for settling a bill of exceptions beyond 80 days from the time of judgment. Circuit Court Rule 47.

2. SAME—WAIVER OF COURT RULE.

These requirements can be waived only in writing duly filed and presented as a foundation for the action of the court, or by admission or stipulation in open court, in the presence and hearing of the court, who should make a minute thereof and recite it in the order made.

Mandamus by John J. Burgess against Henry A. Mandell, one of the circuit judges for the county of Wayne, to require respondent to vacate an order extending the time for settling a bill of exceptions, in a cause in which relator was plaintiff. Submitted July 11, 1912. (Calen-

dar No. 25,113.)   Writ granted July 22, 1912.   Rehearing denied October 7, 1912.

*William Van Dyke,* for relator.

*John Gibson Hale,* for respondent.

Steere, J.   In this proceeding, relator asks a mandate to compel respondent to set aside an order extending the time to settle a bill of exceptions in an action in replevin, entitled *John J. Burgess* v. *Pere Marquette Railroad Company,* on the trial of which, in the Wayne county circuit court, on November 14, 1911, plaintiff recovered a verdict awarding him return of an automobile, being the property in litigation, with damages of six cents.

It is claimed that the order in question was made more than 80 days after judgment rendered in such case, "without good cause shown by affidavit on special motion after notice to the adverse party, or on written stipulation of the parties," in violation of Circuit Court Rule 47 as interpreted by former decisions of this court.

The calendar entries in said case, which are conceded to be correct, show the following:

1911.

Nov. 14 Verdict for plaintiff for 6 cents.
 "   16 Twenty day stay of proceedings, 20 days to move for new trial, 60 days to settle bill of exceptions.
 "   27 Judgment for plaintiff for 6 cents.
Dec.  4 Motion for new trial and notice filed.

1912.

Jan. 13 Motion for new trial denied.
 "   24 Stipulation agreeing that bill of exceptions may be filed and signed *nunc pro tunc* as of Jan. 12, 1912 (at any time prior to Jan. 25), filed and entered.
Feb.  2 Opinion of court for denial of motion for new trial, signed, filed.
 "    3 Stipulation extending time 15 days to settle bill of exceptions, filed, entered.
 "    5 Order fifteen days extension to settle bill of exceptions.
Mar.  4 Order extending time to settle bill of exceptions to and including March 16, 1912.

Mar. 9 Motion to set aside orders of March 4, 1912, and notice filed.
    " 16 Affidavit of John G. Hale as to settlement of bill of excep-
        tions filed.
    " 26 Motion to set aside extension of time, submitted and heard.
    " 30 Order denying motion to set aside extension of time to set-
        tle bill of exceptions, and order extending time to settle
        bill of exceptions, to and including April 20, 1912.
Apr. 2 Motion to set aside order of March 30, 1912, filed.
    " 5 Motion to set aside order denied.

Judgment having been entered on November 27, 1911, an order granting further time to settle a bill of exceptions, made on March 4, 1912, must comply with Circuit Court Rule 47*b* to be valid. It is undisputed that no special motion was made in writing setting forth the grounds on which it was founded, filed, and served, as required in case of special motions under Circuit Court Rule 19. No cause, good or otherwise, was shown by affidavit, and no notice of the time and place of making such motion was given the adverse party. No stipulation of the parties, in writing, was then presented or on file. The motion was made in the absence of adverse counsel, *ex parte*, oral and based on the court's knowledge of the case and statements of moving counsel.

It is contended in support of the order complained of that all the various requirements of Rule 47 were waived by counsel in charge of plaintiff's interests, not by any writings presented to the court and filed in the case when the motion was heard, nor even by oral stipulation between counsel in open court, but by the conduct and statements of counsel "within the knowledge of respondent from what was said and done by the attorneys to him and under his personal observation." The briefs presented by counsel are not only bitter and recriminating, but travel outside the record in various statements made. They charge lack of veracity and good faith. Their most useful purpose is to emphasize the importance of adhering to the rules and records of the court. At the hearing of the motion to set aside the order in question, counsel for defendant, in opposition thereto, filed on March 16, 1912, a

lengthy affidavit giving in detail, from his standpoint, a history of the proceedings and sequence of events, telling of correspondence between counsel and various conversations and circumstances, the general purpose of which was to show he had been lulled into confidence that no advantage would be taken of his unfamiliarity with the practice of this State and consequent delays and irregularities. To the affidavit are attached six letters, two to the trial judge, three to counsel for plaintiff, and one from him to counsel for defendant, dated February 13, 1912, saying amongst other things:

"Your letter of recent date has just been received by me owing to my absence in the east. Your papers entitled 'Bill of Exceptions' were also received. I regret exceedingly having now to insist upon your settling the bill according to the practice of the court. * * * For the reasons stated, I have declined to recognize the papers sent me by you as being a proper bill of exceptions, and must now and hereafter insist upon a strict compliance with the practice of court by you."

It could scarcely be claimed that, after this time, counsel for defendant was not advised as to the attitude of opposing counsel. A prompt compliance with the rules at that time would have avoided this complication. The return of respondent to this order to show cause was prepared by defendant's counsel, and is, apparently, largely condensed from said affidavit. We do not find the return certain and satisfactory. It was evidently also an embarrassment to respondent himself.

Trial courts, busied with the regular routine work, have no time, and are not expected or required, to go into the details of long cases and prepare returns to orders to show cause in mandamus proceedings, which are not an uncommon method of reviewing the court's action. It is a recognized and proper custom for the judge, when served with an order to show cause, to turn the same over to counsel in whose favor the action sought to be reviewed was taken, with instructions to prepare a skeleton return

to be submitted to the court and revised under his direction. When an exact, definite, and concise statement of such warranted facts as are desired and deemed material to the order to show cause, together with the requisite copies of files and records, have been prepared, the same is submitted to the court for review, after which such corrections and additions as he dictates are made until approved by him, when it is signed and forwarded. In this case the lengthy and argumentative return was apparently completed and mailed to the judge without consulting him as to its contents, and without even returning the petition for consultation and comparison. When it was received, or what time and opportunity respondent had to revise it, is not shown, except as may be inferred from the following paragraph added by respondent, who signed and forwarded the same on the day prior to the return day set in the order to show cause herein:

"Respondent respectfully shows unto this court that the above return was prepared for the respondent by John G. Hale, Esq., who resides in Chicago; that respondent, upon receiving the order to show cause herein, forwarded to the said John G. Hale, Esq., attorney for the defendant, the petition for an order to show cause, but recently received in return from the said John G. Hale, Esq., this return, but did not receive the petition. In consequence thereof respondent is unable to know whether he has answered every allegation of fact in said petition contained. Respondent respectfully shows unto the court that he believes all allegations of fact herein contained to be true, but that all conclusions based upon facts herein stated and anything in the way of arguments thereon are the conclusions and arguments of the said John G. Hale, Esq., attorney for the defendant in the case of *John G. Burgess* v. *Pere Marquette Railroad Company.*"

The lack of authority to extend time for settling a bill of exceptions for more than 80 days after judgment unless the party applying therefor has complied with the requirements of Circuit Court Rule 47 has been often declared by this court. *Hill* v. *Hill*, 114 Mich. 599 (72 N. W. 597); *Lake Shore, etc., R. Co.* v. *Branch Circuit Judge,*

116 Mich. 399 (74 N. W. 529); *Roach* v. *Wayne Circuit Judge*, 117 Mich. 242 (75 N. W. 465); *Singer* v. *Livingston Circuit Judge*, 117 Mich. 318 (75 N. W. 609); *Hayes* v. *Ionia Circuit Judge*, 125 Mich. 277 (84 N. W. 141); *Kaiser* v. *Wayne Circuit Judge*, 162 Mich. 247 (127 N. W. 336, 922); *Pettinger* v. *Montmorency Circuit Judge*, 164 Mich. 463 (129 N. W. 676).

That the notice and showing required by the rule may be waived is unquestionable, and it has been so held by this court. *Wilkins* v. *Genesee Circuit Judge*, 125 Mich. 628 (84 N. W. 1107); *Culver* v. *Van Buren Circuit Judge*, 141 Mich. 644 (105 N. W. 139). The circuit court is a court of record, and its actions must be based upon written pleading and proceedings duly filed, or on testimony, concessions, and stipulations publicly given or made before it, in open court, to be minuted and recorded. We think the requirements of Rule 47, in the particular mentioned, can only be waived in writing, duly filed and presented as a foundation for the action of the court, or by admission or stipulation in open court, in the presence and hearing of the court, which should be minuted and recited in the order as the court's authority for granting the same.

A writ of mandamus will issue as prayed.

MOORE, C. J., and MCALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred. BLAIR, J., did not sit.