PEOPLE v. MANISTEE CIRCUIT JUDGE.

1. MANDAMUS—EXCEPTIONS, BILL OF—EXTENSION OF TIME—ABUSE OF DISCRETION.

Where the action of a circuit judge in denying a motion to extend the time for settlement of a bill of exceptions, after a proper showing, amounts to abuse of discretion, mandamus will lie to review the same.

2. EXCEPTIONS, BILL OF—EXTENSION OF TIME—DISCRETION OF COURT —CERTIFICATE OF STENOGRAPHER.

Where a transcript of the evidence was ordered, and, when it was not furnished within the time limited for the settlement of the bill of exceptions, an extension of

time was granted upon motion based upon the stenographer's certificate, under the statute, that it had been ordered and would be furnished as soon as possible, a motion for a second extension, based upon the affidavit of the attorney for the relator to the effect that the transcript had not yet been furnished, should have been granted without the filing of a second certificate, the original being in the files of the court, and the denial of the motion was unwarranted and amounted to abuse of discretion.

Mandamus by the people of the State of Michigan against Charles A. Withey, circuit judge, to compel respondent to set aside an order refusing to grant an extension of time for settling a bill of exceptions. Submitted January 2, 1917. (Calendar No. 27,579.) Writ granted January 23, 1917.

*Grant Fellows*, Attorney General, and *L. W. Carr*, Assistant Attorney General (*Clare Retan*, Assistant Attorney General, of counsel), for relator.

*Thomas Smurthwaite*, for respondent.

BROOKE, J. This is an application for a writ of mandamus requiring respondent to vacate and set aside an order refusing to grant relator an extension of time for the purpose of settling a bill of exceptions. The following dates are important:

On April 7, 1916, judgment was entered in the circuit court of Manistee county adjudging one Hattie Belle Spencer to be the common-law wife, and so heir at law, of one James S. Madison, deceased, and against the contention of the people of the State of Michigan that the said James S. Madison, deceased, died without heirs, and therefore that his estate escheated to the State of Michigan.

On May 17, 1916, a transcript of the stenographer's minutes was ordered by relator from Claude Curtis, official court stenographer of the nineteenth judicial

circuit. By stipulation of the parties, an order was entered extending the time for settling a bill of exceptions from April 20, 1916.

On June 17, 1916, a motion was made by relator for further extension of the time for the settling of a bill of exceptions, at which time relator filed the following certificate:

"Pursuant to the so-called judicature act, I hereby certify that the State, by the Attorney General, has ordered the record in the James S. Madison estate hearing, had at the last term of the circuit court for the county of Manistee, and that the same will be furnished as soon as possible.

"CLAUDE M. CURTIS,
"Official Court Stenographer
"Nineteenth Judicial Circuit of Michigan.
"Dated at Ludington, Mich., June 16, 1916."

The respondent granted the motion and extended the time to July 15, 1916.

On July 6, 1916, relator made the following motion:

"Now comes the above-named appellant, the people of the State of Michigan, by Grant Fellows, its attorney, and moves the court now here for an order extending the time for settling a bill of exceptions in the above-entitled cause to August 1, A. D. 1916. This motion is founded on the certificate of Claude Curtis and the affidavit of Clare Retan herewith filed, and on the records and files of this court in this cause and the rules and practice of this court.

"GRANT FELLOWS,
"Attorney for Appellant."

This motion was supported by the following affidavit:

"STATE OF MICHIGAN, ⎱ ss.:
"County of Ingham, ⎰

"Clare Retan being duly sworn deposes and says that he is one of the attorneys for the appellant and

194—Mich.—34.

has principal charge of said appellant's case. Deponent further says that on the 17th day of May, 1916, he ordered a transcript of the testimony taken in the hearing in the above-entitled case had in the circuit court for the county of Manistee from Claude Curtis, circuit court reporter in and for said county. Deponent further says that said Claude Curtis has not as yet furnished deponent with a transcript of said testimony. Deponent further says that, owing to his inability to secure the transcript of said testimony, said appellant is unable to settle a bill of exceptions within the time prescribed by the order of this court.

"CLARE RETAN,<br>"Assistant Attorney General."

Upon the same day counsel for relator wrote the official stenographer as follows:

"July 6, 1916.

"Mr. Claude Curtis,
    "Ludington, Mich.
*"Dear Sir:*
    "The time for a settlement of a bill of exceptions in the Madison case expires on the 15th instant. We are moving the court for a further extension of the time and will you, therefore, at your earliest convenience forward your certificate to Judge Withey at Reed City.

"Very respectfully,<br>"A. B. DOUGHERTY,<br>"Deputy Attorney General."

And likewise wrote the respondent a letter as follows:

"July 6, 1916.

"Hon. Charles W. Withey,
    "Circuit Judge,
        "Reed City, Mich.
*"Dear Sir:*
    "Mr. Curtis has not as yet furnished us with a transcript of the testimony taken in the Madison case and it will, therefore, be necessary for us to secure a further extension of the time for settling the bill of ex-

ceptions. I have written Mr. Curtis requesting him
to forward his certificate to you.

> "Very respectfully,
> "A. B. DOUGHERTY,
> "Deputy Attorney General."

Respondent denied the motion for the following reasons:

> "(1) There was lack of diligence on the part of the
> appellant in ordering the transcript of the testimony
> taken upon the trial of said cause.
>
> "(2) There was no showing of diligence, or of any
> effort, to procure the said transcript of the testimony
> within the time heretofore allowed by the court for
> the settlement of the bill of exceptions, and no reason
> was given, or shown, why there had been such delay
> in the matter, notwithstanding the fact that two previous extensions of the time originally, allowed by the
> court had been granted, and
>
> "(3) There was no certificate of the stenographer
> of said court, showing that he had been unable to get
> the said testimony transcribed within the time previously allowed by the court for settling said bill of
> exceptions."

So much of section 62, chap. 18, of the judicature
act (Act No. 314, Pub. Acts 1915 [3 Comp. Laws 1915,
§ 12634]) as is involved reads as follows:

> "The court or the circuit judge at chambers may
> allow such time as shall be deemed reasonable to settle
> such exceptions and reduce the same to form:  *Provided*, that no more than twenty days shall be allowed
> for such purpose, except upon the production of a
> certificate from the stenographer of said circuit stating
> that the party desiring such extension has ordered a
> transcript of the testimony necessary for the preparation of said bill of exceptions, and that the same will
> be furnished as soon as possible by said stenographer."

Counsel for respondent rely upon the following
cases: *Lake Shore, etc., R. Co.* v. *Circuit Judge,* 116
Mich. 399 (74 N. W. 529); *Fitzgibbons* v. *Circuit
Judge,* 152 Mich. 209 (115 N. W. 1053); *Carrier* v.

*Circuit Judge,* 155 Mich. 344 (119 N. W. 575) ; *Harper*
v. *Circuit Judge,* 155 Mich. 543 (119 N. W. 913) ;
*Northern Assurance Co.* v. *Circuit Judge,* 169 Mich.
238 (135 N. W. 104) ; *Burgess* v. *Circuit Judge,* 171
Mich. 583 (137 N. W. 247).

We have examined all the cases relied upon with
care, and, while it is apparent that a motion to extend
the time for settlement of a bill of exceptions is ad-
dressed to the sound discretion of the circuit judge,
this court has never held that, where a proper showing
is made for such extension, the action of a circuit judge
in denying the motion will not be reviewed, particu-
larly when such action amounts to abuse of discretion.
In the case at bar, we are of the opinion that the re-
lator acted with reasonable prudence. A transcript of
the evidence was ordered about five weeks after the
entry of judgment, and, when it was not furnished
within the time limited for the settlement of the bill
of exceptions, a motion was made for an extension,
based upon failure of the stenographer to furnish a
transcript and upon his certificate under the statute
that it had been ordered and would be furnished as
soon as possible. Nine days before the expiration of
this extension, a second motion was made, based upon
the affidavit of the attorney for the relator, to the effect
that the transcript of the testimony had not yet been
furnished. This second motion was based, not alone
upon the affidavit of counsel for the relator, but upon
the records and files of the court in the cause, included
in which was the certificate of the official stenographer
filed upon the hearing of the first motion for the ex-
tension. The return of the respondent, to the effect
that upon the hearing of the second motion he did not
have before him the certificate of the official stenog-
rapher required by the statute, is in our opinion with-
out force. The judicature act does not require a liti-
gant seeking a second extension to file a second certifi-

cate from the official stenographer. The facts required to be certified to by the stenographer are two only:

*First,* that a transcript has been ordered; and, *second,* that the same will be furnished as soon as possible.

This information once conveyed to the court is sufficient to warrant repeated extensions by the court in the exercise of a sound discretion.

The mandamus will issue as prayed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred. FELLOWS, J., did not sit.